We'll now hear 25-1424, Carter v. Beebe.  Good morning, Your Honors. May it please the Court. My name is Ashley Hernandez-Schlegel, and I represent the appellant, former Fire Chief David Beebe, in this matter. Chief Beebe appeals the District Court's finding that he is not entitled to qualified immunity on Mr. Carter's procedural due process claim. The District Court erred in denying Chief Beebe's claim for qualified immunity because Mr. Carter failed to satisfy his burden to prove both prongs of the qualified immunity analysis. Specifically, Mr. Carter failed to prove that he was denied due process to which he contractually agreed that would be afforded to him, and he failed to set forth any case law in which it is clearly established that notwithstanding an individual's contractual waiver of a post-termination hearing, every reasonable official in Chief Beebe's position should have known that a post-termination hearing should have nonetheless been provided. Given Mr. Carter's failure to satisfy his burden to overcome Chief Beebe's qualified immunity and the importance such qualified immunity has for public officials, Chief Beebe respectfully requests that this Court overturn or overrule the District Court's ruling with respect to him and dismiss the remaining claim of due process. You're not contesting that the just cause language in the collective bargaining agreement created a due process property interest? I think for purposes of this appeal, Your Honor, we're not. I do think that there was question on summary judgment, but for purposes of this appeal, we are not. All right, so assuming that there's a due process property interest, we're talking about whatever process is due, and I'm interested in getting you started by asking you whether under the Loudermill case, the Supreme Court's decision in Loudermill, how can a collective bargaining agreement limit the constitutionally required procedures to protect the property interest? And I think that's an excellent question, Your Honor, and I think that's something that Mr. Carter's argument turns on. Loudermill involved a state-created procedural process. The state-created process, the statute process, gave the employee the property interest in his employment or her employment, and then there was a certain process that was provided, and that was done legislatively. Here, we have a negotiated bargain for contractual agreement in which the union employees who were part of that agreement agreed to a certain procedural process, and so it's a contractual waiver issue versus a state procedural issue. Well, is it a waiver issue, or is it more a question of whether the collective bargaining agreement can grant the property interest but condition the property interest on the procedures to be followed? I mean, your argument is cast in terms of waiver, but it strikes me that it's more a matter of whether the scope of the agreement itself and whether under Loudermill, for example, the limitation, for example, the failure to explicitly provide for a post-termination hearing can be squared with the Loudermill holding. And I understand the distinction, but I guess what I'm really asking you is, is it really a matter of waiver, or is it a matter of whether this is just something that negotiated collective bargaining agreements can do? And, Your Honor, I think that the collective bargaining agreement contractual agreement, the Supreme Court has found that you can waive certain procedural due process rights, and the CBA explicitly does provide which process is due. Well, that's different. I mean, the waivers that the Supreme Court has recognized have to be clear, unmistakable, and I think your position relies on the absence of additional protection, the absence of a post-termination hearing, basically agreeing to what's in the CBA is essentially like an implicit waiver. Is that how you're positioning your argument? So, Your Honor, it's a little more complex than that because I think looking at this case specifically, and with Mr. Carter specifically, he was an individual who was negotiating this contract. He was one of the lead negotiators on the contract, and he signed the contract itself as well on behalf of the union. And so the procedures that are provided for in the CBA, there is explicit language as to what is afforded. Granted, there's not something that says you waive a post-termination hearing. Does it really matter that he was involved in the negotiation? Let's say he wasn't. Wouldn't your argument be the same? Not exactly, I don't think so. Because I think the law and what the Supreme Court in the 10th Circuit has said is that there has to be the knowing, voluntary, intelligent waiver. Well, I'm back to whether we're even talking about waiver. It seems to me you've got a collective bargaining agreement. It doesn't provide for a post-termination hearing. It does provide for a just cause discharge, so there's your property interest. And the question is, how does the CBA stand up against the Supreme Court's procedural due process law? And you mentioned that there are cases relating to collective bargaining agreements. What are those cases? How do they help you? Well, so there is a district from New Mexico case, the Burt case, in which CBA— A district court case? Yes, it is a district court case. There's also an unpublished 10th Circuit case, the Herrera case, that specifically discusses the proposition of waiver in the CBA context. And so I'll start with Burt. Burt really goes into a post-suspension hearing, and there wasn't one provided. And the CBA specifically said there wouldn't be one provided until a judicial ruling on the issue at hand came down. And so the court there did find that there was no due process violation because the CBA specifically laid out the process that would be provided. Herrera dealt with the CBA as well. And the CBA specifically said that there would be an arbitration proceeding. However, in that case, the union decided not to pursue the arbitration proceeding. The employee never requested anything further. There wasn't anything specifically saying that there was a post-termination hearing that could be provided. And so the 10th Circuit there also said that there was no due process violation because of the language in the CBA. So it seems that your waiver argument is that by agreeing to the specific procedures, he's waived his due process rights. Well, I don't think it's entirely his due process rights. He received pretty considerable. Well, he waived the rights that he's asserting now. He waived his right to a post-termination hearing. By agreeing to other procedures. That's your position, right? By agreeing to the procedures that are set forth in the CBA. And those procedures are said to be the only procedures. That's the final decision is the one by the fire chief. Correct.  Yes, the fire chief makes the final decision. There is an appeal based on new or additional information. And the fire chief does make the decision on that appeal as well. But there is no further post-termination hearing. And that is explicitly laid out because the process is explicitly laid out within the CBA. Is it fair to say that at this point, in terms of the arguments presented on appeal, that's really what we're talking about is the post-termination hearing? Yes, Your Honor. We're not getting into the process that was afforded pre-termination at this stage. We're just talking about whether he should have had a post-termination hearing. I think that's the crux. But I also think that the pre-termination process. But you didn't argue that on appeal, did you? We did, Your Honor. That the pre-termination process was considerable. But did you say it goes to whether he gets a post-termination hearing? On appeal. Not at summary judgment. On appeal. So on appeal, our argument is that there's the waiver of the post-termination. And ultimately, all of the hallmarks of due process were still met through the procedure set forth in the CBA. All right. Let me kind of recast the question a little bit because I think it might be helpful in thinking about this. Again, kind of going back to Loudermill, the court there, at least with respect to the state statute, says the state legislature can't include the bidder with the suite. In other words, if you're going to give a due process protected interest, then the Constitution requires the appropriate accompanying procedural protections. And the legislature can't take that away. So no bidder in suite. But does that mean it's your position that a collective bargaining agreement can have the bidder in the suite? Yes, Your Honor. It is. And do you have to get to prong two of qualified immunity for your position? Do you have to show that your position is – or that – I guess the best way of putting it is that Mr. Carter can't show otherwise under clearly established law. Do we have to get that far? You can take either prong in whatever order you decide. Well, I understand that. But do you think we have to go to prong two? I don't necessarily think you have to if you find that the waiver is applicable and it's knowing voluntary and intelligent, which we argue it is. But even if there is a question regarding that, if you get to prong two and there's no clearly established law, there's been no case that's been presented in either the district court level or on appeal that specifically says that a post-termination hearing in a collective bargaining agreement cannot be waived. And so that is Mr. Carter's burden to provide. And because there is no case law on that, and the case law actually says that there can be – that due process can be waived, Chief Beebe was – there's no saying that he was unreasonable or that every reasonable police – or fire chief in his position wouldn't have made the same decision. Is a CBA not treated like a state-created process? No, because it is not unilateral. This was a negotiated contract. So there is that difference. But I think that the – But your position is that the – there would need to be a case provided on the clearly established prong to kind of bridge that gap. Yeah, a case – it doesn't have to be exactly the same, but with particularized facts like this case within the Supreme Court or Tenth Circuit or the majority of cases in other circuits. But there has been not one single case that's been provided that would have put Chief Beebe on notice that his actions were unconstitutional. Sure, there was case law providing general due process rights like Laddermill, but that's distinguishable in this case because of the CBA. And the district court did not consider that at all. The district court limits its analysis to a footnote, footnote 26, which is in the sixth appendix of the appellate record, page 108. And that's it. And so I think without that case, even if we can't get past the due process constitutional prong one analysis, prong two provides this court with justification to overturn and provide qualified immunity to Chief Beebe. And I'll reserve the rest of my time unless there are further questions. Good morning, Your Honors. Mark Murphy on behalf of Benjamin Carter, the appellee in this case. May it please the court. Before I start, I just want to note that this case, and I'm sure you've read the record, it's been over three years since Mr. Carter lost his position, a position that he had held since 2009. I'm with the fire district. At the time, he was also the president of the IAF local there. And so I just want to understand that the context of that. There's no case law that suggests what the appellants are asking with respect to a CBA because that case law doesn't exist. What we have here, and Judge Matheson talked about this, the case that's controlling here is Loudermill. Loudermill has been decided in 1985. The district court, we're here to defend the district court's decision that qualified immunity is not appropriate. Loudermill was what the district court relied on, and this court's case in Copland Brown. Are you saying that the rights under Loudermill can never be waived? No, absolutely not. So the question then is whether the CBA provisions constitute a waiver. Sure. That is a legitimate issue. That's a distinction between this case and Loudermill. Well, Loudermill did two things. Loudermill acknowledged and recognized there's pre-termination process and there's post-termination process, right? And in the pre-termination process, you have to do certain things. You have to provide notice and all that we've talked about. This is not an issue here. But in the post-termination, post-termination, Loudermill says you need a full-blown hearing. And that's what Copland Brown says, and that's what the district court judge said. You need a full-blown hearing. Do you have a case, though, that deals with a collective bargaining agreement? Because Loudermill was about a state statute, and I understand your argument that you want to apply that to CBA.  But has any Supreme Court, 10th Circuit, other circuit, any court ever done that? Ever done what, Your Honor? Applied Loudermill to a collective bargaining agreement. It happens all the time when the courts look at what the case. I'm asking you for a case. Sure, we have Burt, which the Compellents relied on. We have Henei, the case that was in the district court's. You have a 10th Circuit or a Supreme Court case. It's your burden on qualified immunity to show clearly established law. So I'm just, I'm not, I need to know what your best. Sure, sure, Your Honor. What's your best 10th Circuit case? What's your best Supreme Court case? I always say that, well, the Supreme Court case, it has to be Loudermill that says. That Loudermill, I asked you for a case that addresses collective bargaining agreement, and Loudermill doesn't. So the question is whether there is a case that does. Herrera is a case that talks about waiver. And the issue in that case, which the Compellents talked about, Herrera had, and this is the whole, the crux of the issue, the CBA. If the CBA provides for a post-termination hearing, then it can satisfy Loudermill. That didn't happen here. There's no process.  I thought you said the right to a post-termination hearing can be waived. Do you say that can't be waived? The right to a post-termination hearing can't be waived. You say it can't be waived? It cannot be waived. What's your authority for that? So the authority is Loudermill. There are lots of clear Supreme Court cases that say this is a constitutional right.  And there are lots of other cases that say that for each of these rights, it can be waived. Sure. So when you say the right to a post-termination hearing under Loudermill can't be waived, what's your authority for that? Your Honor, I was talking about the Herrera case. In the Herrera case, if you look at it, the facts of that case are helpful because that did have a CBA. But that CBA had a post-termination arbitration process. And the issue there was whether that process satisfied the constitutional requirement of Loudermill. And it did because it had all the elements of a post-termination. You could call witnesses. You could cross-examine. You could have counsel present. And are you saying that that opinion stands for the established, clearly established law that you cannot waive the right to a post-termination hearing? In a CBA, what a CBA can do, Your Honor, is set forth the floor of the constitutional right, the due process right. Loudermill says you have the requirement to have a full-blown hearing after you've been terminated. So what does that mean? Here, Mr. Carter had no right to any process afterwards, and that's what the court found. What the court then said in its footnote is, looking at the Henne case, if this was a contract, if this was a labor contract, and many labor contracts, I'm sure Your Honor knows, have a grievance and arbitration process. And it's a very robust grievance and arbitration process that provides for exactly what Loudermill is requiring, which is a post-termination hearing. We don't have that here, and that's the problem. And interestingly, in the actual contract, the resolution, the city's resolution, specifically says you can't bargain over the process of discipline. So the process of discipline, and you see that in the court's case, and that was one of the issues here. I'm sorry. That's something that surprises me. I must have overlooked that. Where does it say that the parties can't bargain over discipline? It's in the resolution. It's in the resolution. And you argued that point in your brief? It's in the facts of the district court case. Did you argue that point in your brief? I don't think we mentioned that in our brief, Your Honor. Okay, that makes me feel a little better that I didn't overlook it. So I'm trying to explain to you with respect to the CBA here. All the CBA says here is the fire chief's decision is final. Final for all purposes. That's it. There's no hearing. There's no post-termination. Now, if the CBA, like many CBAs, like the CBA in Colorado. So the question is by saying that in the contract, is that a sufficient waiver or a waiver at all of the right to a post-termination hearing? It's no waiver at all, Your Honor. Why not? Because, Mr. Carter, any public employee that has a vested interest, a property interest in their job, that's the first prompt. The question has to be, do you have a vested interest? And then what process is used? And as Judge Matheson explained at the top of his argument, we have that done. There's just cause. So that's the property interest. What does just cause require? What process does just cause require? That's answered in Loudermill. Right. Right? That's not being contested here. What's being contested is whether that right under Loudermill can be waived. And I thought you said the constitutional rights can be waived, but you're saying that particular constitutional right can never be waived. Is that right? Your Honor, I can't stand here and say it can never be waived. Because if there's a clear and unmistakable waiver, for instance, in the contract in Penn Plaza, the Supreme Court case, the union and the company, the contractors, negotiated a provision that allowed arbitration of discrimination claims. And there was a clear and unmistakable waiver of that due process claim. But why was that waiver allowed by the Supreme Court? Because there was a specific post-termination arbitration process that allowed for the due process, the right due process that was allowed. The same thing happened in Burt. The Burt case that the opponents are relying on. That also had a collective bargaining agreement. And the union negotiated a collective bargaining agreement, not saying we're not going to have a post-hearing trial. Not saying we're not going to have a post-termination hearing, saying it's going to be delayed until after a criminal judicial determination. And in that case, what happened was there were criminal allegations or criminal charges of a sexual nature against the member. I believe it was a police officer. So they were putting the liberty interest first and said, we're going to have a post-termination hearing to talk about your job, but only after the criminal matter, which makes sense. So in that sense, it was delayed. It wasn't waived, like in this case, where the district is saying and Chief Beebe is saying, I get to say, I just get to be the final decision maker. I'm not having a hearing. I'm not allowing you to call witnesses. I'm not allowing you to cross examine. I'm not allowing you to have an attorney. That's all what Loudermill says. Now, where we have that. Let me just make sure I understand your position because I'm a little bit lost.  The way I understand your position is you're establishing, you satisfy prong two with Loudermill. That's your primary argument. Correct. And your argument is that you cannot waive a post-termination hearing. Correct. And you don't have a case that says that piece. Right. And we would say that there's no case on that because it's so well established through Loudermill and Copland Brown and 30 years of jurisprudence that they're in the fire service and law enforcement and public employment. If I say Loudermill, everyone knows what Loudermill means. It means pre-termination hearing and post-termination hearing. That is without doubt. So let's assume that it is waivable. Is it your then kind of secondary position that it was not clearly and unmistakably waived on the face of this CBA?  Just by reference to a different process?  And it clearly established any fire chief, any police chief, any public employment manager would understand what Loudermill requires of that person to do. And what is your best case on what a waiver, a proper waiver that the Supreme Court or our court has recognized in this context requires? What is your best clear and unmistakable waiver case? I think it would probably be Penn Plaza from the Supreme Court. And then, again, the Herrera case and the Heney case, which the district court relied on. All those cases talk about the intersection between due process and collective bargaining. Here, we didn't have any of that. And so that is the real problem. And I will call your attention, Your Honors, to the Copland-Brown case out of this circuit that talked about this issue where the official was trying to suggest, I was just following the law. I didn't know that this was the law. And it had to do with the Loudermill, the post-hearing, the right to a post-termination hearing. And what that court said was defendants in this case were not mere minions obeying commands, but rather were directors and supervisors of the New Mexico State Personnel Office. Thus, they have expertise in hiring and firing of state employees, including relevant state and federal law. Accordingly, we found that the law in question was clearly established and a reasonable director or supervisor of the state would have known that his or her activity violated plaintiffs' constitutional rights. That's the same thing here. Loudermill has been around for 40 years, 50 years. Copland-Brown recognized that. When Copland-Brown talked about it, the case talked about how this is a right that has been established for over 30 years. So for the chief to say, I didn't know that Mr. Carter had a right to a post-termination hearing, or I didn't have any cases that say that, that's because there are no cases that say that. That Loudermill is so well established that that's what you need to do. Can a CBA provide for a post-termination hearing? Sure, it happens all the time. In fact, most CBAs do that. This CBA, if you look at this CBA, interestingly, it has a grievance arbitration process. It just doesn't include discipline. So that's the curious thing here, right? The contract allows for arbitration. I pick an arbitrator. The other side picks an arbitrator. We go and we call our witnesses and we cross-examine. Except when? Except if it's a discharge, if it's a discipline. They have a separate chapter on discipline as opposed to grievance. There's no separate chapter. It's just this is what happens beforehand. You get your notice. You get the right. That's all pre-termination. That's what it's titled. Right. And then the only thing that talks about post-termination is the chief is the final decision maker. And, in fact, the newer It's Article 21 is three, a little over three pages, entitled Disciplinary Procedure. And Grievance Procedure is the next chapter. Right. Article 22. Right. And it's just a little over a page. Correct. So it actually has, it's a longer chapter on discipline than grievance. You seem to suggest there wasn't anything about that. No, what I suggested, Your Honor, was that all that process is the pre-termination process. And the judge found what happened here, pre-termination wasn't enough to satisfy post-termination. And what the contract says there with respect to post-termination is the fire chief has the final decision. That's all that says in that provision. So that's the lacking, the nature of this contract, collective bargaining agreement, is that it's lacking any kind of consistency or faithfulness to Laddermill, Copland-Brown, and the case law that requires, in order to satisfy what process is due, what process is due here is, was, three years ago, was a post-termination hearing. That's what process was due. That didn't happen. So, and that the chief should have known as a reasonable manager, that was what was required. So the district court correctly denied his request for qualified immunity. Thank you, counsel. Thank you. You have about two minutes, I think, for rebuttal. Your Honors, I'll make this brief. I think the highlight here is that there is no case in which Laddermill is discussed in the CBA context that would have put Chief Beebe on notice that his conduct was unconstitutional in following the CBA to the T. And just to correct the record there, post-termination, there is an appeal option in the CBA that Chief Beebe did follow. And then, you know, the CBA is clear that there is, that that is the post-termination process to which these union employees are due. Now, I think that, interestingly, you know, Burt and Herrera both stand for the fact that in this, in this circuit, courts have found that the CBA can waive certain procedural due process rights. Herrera is particularly interesting because it says that there's no, there was no post-termination hearing. The union did not proceed to, did not pursue the arbitration provision that was in there, and there was no other option. So this employee, you know, was not entitled to, outside of what the union might want to do, a post-termination hearing, which is the most aligned case to what we can, you know, we have here. And that would not have put Chief Beebe on notice that he was required to go outside of the CBA provisions and provide a post-termination hearing. Your time has expired. Oh, then that's, then that's enough. Thank you, Your Honors. Appreciate it. Thank you, Counsel. Thank you, Counsel. Case is submitted. Counsel is excused.